GILBERT S. WRIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34978.  Promulgated March 31, 1931.

*Donald Barker, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

OPINION.

McMAHON: The only question to be decided in the instant case is whether the tax liability of the petitioner is to be computed under section 206, Act of 1921, which provides as follows:

SEC. 206. (a) That for the purpose of this title:

(1) The term " capital gain " means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921;

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(6) The term " capital assets " as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years (whether or not connected with his trade or business), but does not include property held for the personal use or consumption of the taxpayer or his family, or stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year.

The petitioner himself was the only witness produced by either party. He testified that after the dissolution of the corporation in 1921 and the winding up of its affairs he did not thereafter engage in business in any way, and that during the year 1923 he did not have a business office; that neither he nor the corporation was ever a dealer in real estate, except that the corporation occasionally received syndicate interests in real estate in lieu of commissions. The respondent apparently attempted to prove by cross-examination that the petitioner was engaged in business during 1923 as a dealer in real estate. In his brief he argues that both the petitioner and the corporation were real estate dealers, not merely brokers, that though the lots in question may have been purchased originally as an investment, when the petitioner subdivided and sold them he was acting as a dealer. He also urges that since the petitioner testified that he was not engaged in business after 1921, but claimed on his return certain deductions for stenographers, business phone, depreciation and chauffeur's hire on business cars, his testimony is not entitled to much weight. He is careful, however, to state that there is no suggestion of bad faith on the part of the petitioner. In our view the testimony of the petitioner is entitled to full weight.

The property sold in 1923 was originally purchased by the petitioner as an investment, it had been held for more than two years, and it had not been devoted to the personal use of petitioner or his family. We must therefore determine whether it was " stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year."

We have held in former cases that real estate may not be included in an inventory. *Atlantic Coast Realty Co.*, 11 B. T. A. 416; and *Albert F. Keeney*, 17 B. T. A. 560. In the case of *John S. Phipps et al.*, 19 B. T. A. 1293, involving the years 1922, 1923, and 1924, the petitioners were real estate dealers. We held in that case that as to the years 1922 and 1923, in which the 1921 Act was applicable,

the petitioners were entitled to the benefits of section 206 of the Revenue Act of 1921, saying:

> \* \* \* Whether or not real estate, under any circumstances, could properly be classed as "stock in trade," the syntax of the phrase in which that term is used in the statute now under consideration, is such that it is modified by the clause "which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year."

\*     \*     \*     \*     \*     \*     \*

The property was purchased in 1916, and hence the lots sold in 1922 and 1923 had been held for more than two years, and by reason of the fact that real estate, however held, is not excluded by the excluding clause of the statute, it must be deemed to be included within the provisions of section 206 (b) of the Revenue Act of 1921. *Albert F. Keeney, supra.*

It is, therefore, immaterial whether or not the petitioner was a real estate dealer. In either event he is entitled to have his tax upon the profit from the sale of these lots in 1923 computed under section 206, Act of 1921. The petitioner has conceded that the respondent's computation of the amount of the profit derived is correct.

*Judgment will be entered under Rule 50.*